IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Annette Mackey Bartle, on behalf of Herself and other members of the putative class, <br><br> Plaintiff, <br><br> v. <br><br><br> Fidelity Brokerage Services LLC, <br><br> and <br><br> National Financial Services LLC, <br><br> Defendants. | Case No. 4:20-cv-00064 <br><br> (Removed from the Circuit Court of Jackson County, Missouri at Independence; Case No. 1916-CV33765) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, Defendants Fidelity Brokerage Services LLC ("Fidelity") and National Financial Services LLC ("NFS" and, with Fidelity, "Defendants") hereby remove to this Court the above-styled state court action, which, at the time of this filing, was pending as Case No. 1916-CV33765 in the Circuit Court of Jackson County, Missouri at Independence (the "Action"). Defendants remove the Action pursuant to 15 U.S.C. §§ 77p and 78bb (the Securities Litigation Uniform Standards Act of 1998 ("SLUSA")) or, in the alternative, pursuant to 28 U.S.C. §§ 1332(d) and 1453 (the Class Action Fairness Act ("CAFA")). In removing this Action, Defendants do not waive, either expressly or impliedly, any right, defense, affirmative defense or motion that may be available to them. In addition, Defendants do not concede that Plaintiff is entitled to any of the damages or other relief claimed in the Action, that the Action is able to be maintained as a class action, or that Plaintiff is qualified to serve as a

representative of any putative class. The grounds for removal are set forth in further detail below.

**A. Background**

1. On December 23, 2019, Plaintiff filed the Action against Defendants in the Circuit Court of Jackson County, Missouri at Independence.

2. The proposed class in the Action contains no asserted geographical limitations. Ex. 1, Pet. ¶ 41.

3. On December 30, 2019, a copy of the summons and petition in the Action was served on Defendants.

4. A copy of all process, pleadings, and orders served on Defendants in the Action is attached as Exhibit 1.

5. This Notice of Removal is properly directed to this Court in accordance with 28 U.S.C. § 1446(a), as it is the United States District Court embracing the Circuit Court of Jackson County, Missouri, where the Action was filed and is pending.

**B. The Notice of Removal is Timely**

6. Defendants timely filed this Notice of Removal under 28 U.S.C. § 1446(b)(3) as it is being filed within 30 days after receipt by Defendants, through service, of the Summons and Petition in the Action.

7. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Circuit Court of Jackson County, Missouri at Independence, where the Action is pending.

8. Copies of this Notice of Removal and the written notice of same provided to the clerk of the court where the Action is pending, are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

**C. The Court Has Subject Matter Jurisdiction Pursuant To SLUSA**

9. SLUSA governs the removal (and ultimately dismissal) of a "covered class action" brought under state law alleging misrepresentations or omissions in connection with the purchase or sale of a "covered security." In particular, SLUSA amended the Securities Act of 1933 to provide: "No covered class action based upon the statutory or common law of any State … may be maintained in State or Federal court by any private party alleging (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b). SLUSA similarly amended the Securities Exchange Act of 1934 to provide: "No covered class action based upon the statutory or common law of any State . . . may be maintained in State or Federal court by any private party alleging (1) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1).

10. Removal of such actions to federal court is expressly authorized by 15 U.S.C. §§ 77p(c) and 78bb(f)(2), respectively.

11. The United States Court of Appeals for the Eighth Circuit has held that "SLUSA should be read with the 'presumption that Congress envisioned a broad construction.'" *Siepel v. Bank of Am., N.A.*, 526 F.3d 1122, 1127 (8th Cir. 2008) (quoting *Merrill Lynch, Pierce, Fenner*

*& Smith Inc. v. Dabit*, 547 U.S. 71, 85-86 (2006)); *see also Dudek v. Prudential Secs., Inc.*, 295 F.3d 875, 879-80 (8th Cir. 2002) (a court should assess whether the "gravamen" of the complaint "involves an untrue statement or substantive omission of a material fact in connection with the purchase or sale of a covered security," regardless of whether the complaint explicitly alleges a misrepresentation or omission) (internal quotation omitted). Under any construction and based on Plaintiff's explicit allegations, the Action plainly satisfies SLUSA's elements.

12. The Action is a "covered class action" within the meaning of applicable provisions of SLUSA.[1] For example, plaintiff alleges in the Action that there are at least "tens if not hundreds of thousands" of potential class members. Pet. ¶ 42.

13. The Action likewise concerns misrepresentations of material fact in connection with the purchase or sale of a covered security.

14. First, Plaintiff alleges numerous misrepresentations, including, for example, that Defendants allegedly "provid[ed] class members with inaccurate and/or materially misleading information about the features, benefits and investment returns associated with municipal bonds and municipal bond funds." Pet. ¶82. Plaintiff contends that these "representations [were] false and/or misleading." *Id*. ¶ 84. Plaintiff likewise alleges that Defendants provided "inaccurate

---

[1] "The term 'covered class action' means—
(i) any single lawsuit in which— (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or
(II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or
(ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which—
(I) damages are sought on behalf of more than 50 persons; and
(II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. §§ 77p(f)(2)(A), 78bb(f)(5)(B).

and/or misleading information about the past performance and benefits of stocks and stock funds." *Id.* ¶ 96.

15. Second, although the Petition does not specify the particular securities in which Plaintiff claims to have transacted, the foregoing alleged misrepresentations plainly coincide with the purchase or sale of covered securities. *See Dabit*, 547 U.S. at 85 ("Under our precedents, it is enough that the fraud alleged 'coincide' with a securities transaction—whether by the plaintiff or by someone else."). Plaintiff alleges that Defendants improperly hypothecated (loaned) securities in putative class members' margin accounts in order to "facilitate" short sales of those securities by borrowers. Pet. ¶¶ 17-25 (section titled "Short Selling"). Plaintiff alleges that the transactions at issue involve nationally-listed and traded securities, including exchange-traded funds, which are "covered securities" within the meaning of the applicable provisions of SLUSA. *See* 15 U.S.C. §§ 77p(f)(3), 77r(b)(2), 78bb(f)(5)(E); Pet. ¶ 37.

16. For these reasons, the Action is within the removal jurisdiction of this Court under SLUSA.

### D. In The Alternative, The Court Has Subject Matter Jurisdiction Pursuant To CAFA

17. In the alternative to the grounds stated above, the Action is removable pursuant to CAFA. "Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Hargis v. Access Capital Funding, LLC*,

674 F.3d 783, 788 (8th Cir. 2012) (citation and quotation marks omitted); 28 U.S.C. § 1332(d)(2). Each of these requirements is satisfied here.[2]

18. First, the action satisfies CAFA's minimal diversity requirement. CAFA's minimal diversity requirement is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff alleges that she is a citizen of Missouri and that Defendants are citizens of Delaware and Massachusetts. Pet. ¶¶ 2-4.[3] Accordingly, minimal diversity exists for purposes of CAFA.

19. Second, this Action satisfies the $5 million amount-in-controversy requirement under CAFA. Plaintiff alleges that the putative class comprised of "tens if not hundreds of thousands" of investors (Pet. ¶ 42) incurred damages over a *ten-year period* (*Id.* ¶ 41) when (i) securities held in their brokerage accounts were hypothecated, (ii) Defendants provided a substitute payment to compensate for missed dividends, and (iii) Defendants did not provide a credit to compensate for the "differing tax treatment" afforded to such substitute payments. *E.g.*, *Id.* ¶¶ 38, 41, 62. Plaintiff alleges that dividends are taxed at a maximum rate of 20% whereas substitute payments are taxed "at rates that can be as high as 37%" and claims that the alleged failure to provide credits for the difference caused damages. *Id.* ¶ 31. Plaintiff further alleges that the annual credits the plaintiff class "may be eligible to receive" are calculated as a percentage of total substitute payments, specifically 26.98% according to a Fidelity.com page entitled "Annual credit for substitute payments." *Id.* ¶ 105. Thus, any alleged missing credits would be a function of the corresponding substitute payments. In 2018 alone, Defendants issued

---

[2] If Plaintiff contests jurisdiction under CAFA, it will be her burden to establish the applicability of one of CAFA's express jurisdictional exceptions. *Westerfeld v. Independent Processing LLC*, 621 F.3d 819, 822 (8th Cir. 2010).
[3] *See Heckemeyer v. NRT Missouri, LLC*, No. 4:12CV01532 AGF, 2013 WL 2250429, at *5 (E.D. Mo. May 22, 2013) ("Congress chose to treat LLCs like corporations for purposes of determining citizenship under CAFA," meaning that citizenship depends upon the defendant's state of incorporation and principal place of business).

6

tens of thousands of substitute payments totaling more than $5 million. Plaintiff's claim that Defendants failed to pay the credits over the putative 10-year class period, if proven, could lead to a claim of far more than $5 million. "[W]hen determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2012) (quotation marks and citation omitted) (emphasis in original). Indeed, if the putative class is comprised of just 100,000 members, a claim of damages of just $50 per class member would exceed CAFA's amount-in-controversy threshold.

20. Thus, while Defendants vigorously dispute the merits of Plaintiff's allegations on both liability and damages grounds—including the assertion that they did not pay annual credits to eligible customers—a fact finder certainly "might legally conclude" that possible classwide damages claimed in the Petition exceed $5 million across the ten-year putative class period if Defendants are somehow found liable. Moreover, these alleged damages do not take into account the additional unspecified damages that Plaintiff seeks relating to the putative class allegedly having been "improperly deprived of the ability to make informed investment decisions" (Pet. ¶ 97), which across tens of thousands of accounts could under Plaintiff's theory quickly surpass CAFA's $5 million threshold.

21. Third, the putative class is greater than the required 100 persons (*see* 28 U.S.C. § 1332(d)(5)(B)). Plaintiff alleges that the putative class includes "tens if not hundreds of thousands" of members. Pet. ¶ 42.

22. Fourth, no Defendant is a citizen of the State of Missouri.[4]

---

[4] Under CAFA, a district court must decline jurisdiction where several criteria are satisfied, including that "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc). The remaining criteria are irrelevant to this notice of removal given that no Defendant is a citizen of the State in which the Action was filed.

WHEREFORE, Defendants respectfully remove to this Court the Action for all further proceedings.

Dated: January 28, 2020

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By:    /s/ John W. Shaw
    John W. Shaw (MO Bar No. 26205)
    James M. Humphrey IV (MO Bar No. 50200)
    2600 Grand Boulevard, Suite 1200
    Kansas City, Missouri 64108
    Telephone: 816-561-7007
    Facsimile: 816-561-1888
    Email: jshaw@berkowitzoliver.com
           jhumphrey@berkowitzoliver.com

SIDLEY AUSTIN LLP
Andrew W. Stern *(Pro Hac Vice Pending)*
Jon W. Muenz *(Pro Hac Vice Pending)*
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
Email: astern@sidley.com
       jmuenz@sidley.com

Kathryn L. Alessi *(Pro Hac Vice Pending)*
60 State Street, 36th Floor
Boston, Massachusetts 02109
Tel: (617) 223-0300
Fax: (617) 223 0301
Email: kalessi@sidley.com

*Attorneys for Fidelity Brokerage Services LLC and National Financial Services LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served on the parties listed below via electronic mail and first-class United States mail on this 28th of January, 2020, to the following counsel of record:

| | |
|---|---|
| David L. Marcus | Jared A. Rose |
| Bartle & Marcus LLC | The Law Office of Jared A. Rose |
| 116 W. 47th Street, Suite 200 | 919 West 47th Street |
| Kansas City, MO 64112 | Kansas City, MO 64112 |
| dmarcus@bmlawkc.com | jared@roselawkc.com |

      By: /s/ John W. Shaw
*Attorney for Fidelity Brokerage Services LLC and National Financial Services LLC*